IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
CRIMINAL ACTION NO. 5:19-CR-00006-KDB-DSC-1

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| v. | **ORDER** |
| JAMIE MARIE SIGMON, | |
| Defendant. | |

**THIS MATTER** is before the Court on Defendant Jamie Marie Sigmon's *pro se* Emergency Motion for Reduction in Sentence pursuant to 18 U.S.C. § 3582(c)(1)(A). (Doc. No. 31). Having carefully reviewed the Defendant's motion, exhibits, and all other relevant portions of the record, the Court will deny the motion without prejudice to a renewed motion properly supported by evidence and after exhaustion of her administrative remedies.

## I. BACKGROUND

In 2019, Defendant pled guilty to one count of conspiracy to distribute and to possess with intent to distribute methamphetamine. (Doc. No. 3). She was sentenced to 114 months plus five years of supervised release. (Doc. No. 28).

Defendant is a 33-year-old female confined at FCP Alderson, a minimum-security federal prison for women in West Virginia, with a projected release date of March 20, 2027. Defendant seeks a reduction in her sentence under the compassionate release statute, 18 U.S.C. § 3582(c)(1)(A). She claims her pre-existing underlying medical illnesses make her vulnerable to COVID-19. According to her Presentence Report, she has high blood pressure, acid reflux, PTSD,

depression, anxiety, bipolar disorder, paranoid schizophrenia and asthma. (Doc. No. 22, ¶ 62). No medical records have been submitted with the motion.

## II. COMPASSIONATE RELEASE

A prisoner may bring a motion for compassionate release before the court only if he "has fully exhausted all administrative rights to appeal a failure" of the BOP to bring a motion on his behalf or if 30 days have passed since the warden received his request, "whichever is earlier." 18 U.S.C. § 3582(c)(1)(A). Courts are split over whether the exhaustion requirement is jurisdictional or is a "case processing" rule that can be waived. *Compare United States v. Brown*, No. CR 12-20066-37-KHV, 2020 WL 1935053, at *1 (D. Kan. Apr. 22, 2020) ("The requirement to exhaust administrative remedies or wait 30 days after the warden receives a request is jurisdictional.") *with United States v. Alam*, -- F.3d --, No. 20-1298, 2020 WL 2845694, at *2 (6th Cir. June 2, 2020) (holding that the administrative exhaustion requirement in 18 U.S.C. § 3582(c)(1)(A) is non-jurisdictional). The majority view is that the exhaustion requirement is a case processing rule. *See, e.g.*, *United States v. Smith*, No. 12 Cr. 133 (JFK), 2020 WL 1849748, at *2-3 (S.D.N.Y. Apr. 13, 2020) (collecting cases).

If the rule is not jurisdictional, then it can be waived, forfeited, or abandoned, and is otherwise subject to exceptions. *See United States v. Zukerman*, 16 Cr. 194 (AT), 2020 WL 1659880, at *3 (S.D.N.Y. Apr. 3, 2020); *United States v. Russo*, No. 16-cr-441 (LJL), 2020 WL 1862294, at *5 (S.D.N.Y. Apr. 14, 2020). These exceptions include "where it would be futile, either because the agency decisionmakers are biased or because the agency has already determined the issue, . . . where the administrative process would be incapable of granting adequate relief, . . . [or] where pursuing agency review would subject plaintiffs to undue prejudice." *Zukerman*, 2020 WL 1659880, at *3 (citing *Washington v. Barr*, 925 F.3d 109, 118-19 (2d Cir. 2019). It is Defendant's

burden to show that she has exhausted her remedies or that exhaustion would be futile or result in undue prejudice. *See, e.g.*, *United States v. Bolino*, No. 06-cr-0806(BMC), 2020 WL 32461, at *1 (E.D.N.Y. Jan. 2, 2020) (requiring defendant to prove that the exhaustion requirement has been met).

Here, Defendant has not exhausted her remedies as required under 18 U.S.C. § 3852(c)(1)(A). While she attaches a denial of her request for compassionate release from the warden, she has not exhausted all administrative appeals of the warden's adverse decision that are available to her within the BOP. On July 2, 2020, Defendant appealed the warden's decision to the Mid-Atlantic Regional Office. (Doc. No. 31, Exhibit 1).

According to the BOP's website, FCP Alderson has completed 42 inmate tests with 17 inmate tests pending and no confirmed active case of COVID-19. Given this information, the Court finds that Defendant has not met her burden of showing that the exhaustion requirement in 18 U.S.C. § 3582(c)(1)(A) should be excused. With no confirmed COVID-19 case at FCP Alderson amongst the staff and no confirmed cases amongst the inmate population, requiring Defendant to exhaust her administrative remedies within the BOP before petitioning this Court would not result in any "catastrophic health consequences" or unduly prejudice Defendant. *See United States v. Fraction*, No. 3:14-CR-305, 2020 WL 3432670, at *7 (M.D. Pa. June 23, 2020) (finding the defendant did "not demonstrate any 'catastrophic health consequences' to make exhaustion futile or show that he could be unduly prejudiced if he had to wait to exhaust his administrative remedies with the BOP"). Generalized concerns regarding the possible spread of COVID-19 to the inmate population at FCP Alderson are not enough for this Court to excuse the exhaustion requirement, especially considering the BOP's statutory role, and its extensive and professional efforts to curtail the virus's spread at FCP Alderson. *See United States v. Raia*, 954 F.3d 594, 597 (3d Cir. 2020).

### III. CONSTITUTIONAL ISSUES

Defendant contends that the Eighth Amendment's prohibition against cruel and unusual punishment supports her motion. But Eighth Amendment protections and standards are not applicable to the compassionate release analysis under Section 3582(c). *See United States v. Butler,* No. 16-54-RGA, 2020 WL 3207591, at *3 (D. Del. June 15, 2020) (stating that defendant's contention that BOP officials have mishandled the COVID-19 crisis and are violating the inmates' Eighth Amendment rights does not provide a basis for compassionate release); *United States v. Statom,* No. 08-20669, 2020 WL 261156, at *3 (E.D. Mich. May 21, 2020); *United States v. Rodriguez-Collazo,* No. 14-CR-00387, 2020 WL 2126756, at *3 (E.D. Pa. May 4, 2020) ("Defendant contends that the current conditions at Elkton FCI violate his Fifth and Eighth Amendment rights. However, these claims—which the Court construes as challenging the execution of his sentence at Elkton FCI—are not properly brought in a motion for compassionate release[.]"); *United States v. Numann,* No. 3:16-CR-00025-TMB, 2020 WL 1977117, at *4 (D. Alaska Apr. 24, 2020) (explaining that "claims relating to the manner and conditions of confinement . . . are not properly brought in a motion for compassionate release").

To the extent that Defendant wishes to raise a claim that prison officials' deliberate indifference to her medical needs has resulted in an independent violation of her Eighth Amendment rights, she would need to do so in a lawsuit brought pursuant to *Bivens v. Six Unknown Named Federal Agents of Federal Bureau of Narcotics,* 403 U.S. 388 (1971), not in a compassionate release motion. A civil rights action under *Bivens* will not result in Defendant's immediate release, but rather is a private action for damages against federal officials alleged to have violated a citizen's constitutional rights. Therefore, to the extent Defendant is challenging the execution of his confinement and seeks immediate release from custody due to alleged Eighth Amendment

violations, she should file a petition seeking habeas corpus relief under § 2241. That petition must be filed in the district of confinement. *See generally United States v. Little,* 392 F.3d 671, 679 (4th Cir. 2004) (holding that the district court in which the defendant filed his § 2241 was not the proper venue because it was not the district of confinement).[1]

### IV.  ORDER

**IT IS THEREFORE ORDERED** that Defendant's Emergency Motion for Reduction in Sentence pursuant to 18 U.S.C. § 3582(c)(1)(A), (Doc. No. 31), is **DENIED** without prejudice to a renewed motion properly supported by evidence and after exhaustion of her administrative remedies.

**SO ORDERED.**

Signed: July 17, 2020

Kenneth D. Bell
United States District Judge

---

[1] Defendant is confined at FCP Alderson, which is located in the Southern District of West Virginia.