IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
CRIMINAL ACTION NO. 5:19-CR-00006-KDB-DSC-1

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| v. | **ORDER** |
| JAMIE MARIE SIGMON. | |
| Defendant. | |

**THIS MATTER** is before the Court on Defendant's *pro se* request for appointment of counsel to assist with a motion for time credit. (Doc. No. 40).

Defendant moves for the appointment of counsel to assist her with her motion to inquire about time credit. Defendant has no constitutional right to the appointment of counsel to file post-conviction motions. *Lawrence v. Florida*, 549 U.S. 327, 336-37 (2007) (citing *Coleman v. Thompson*, 501 U.S. 722, 756-57 (1991)); *Rouse v. Lee*, 339 F.3d 238, 250 (4th Cir. 2003), *cert. denied*, 541 U.S. 905 (2004) (citing *Pennsylvania v. Finley*, 481 U.S. 551, 555-56 (1987) (no constitutional right to counsel beyond first appeal of right)).

The Court may, in some circumstances, appoint counsel to represent a prisoner when the interests of justice so require, and the prisoner is financially unable to obtain representation. *See* 18 U.S.C. § 3006A(a)(2)(B). In the instant case, however, Defendant has not established that the interests of justice require the appointment of counsel. *See United States v. Riley*, 21 F. App'x 139, 141-42 (4th Cir. 2001). The Court finds that the interests of justice do not require appointment of counsel to assist the Defendant at this time.

**IT IS THEREFORE, ORDERED**, that Defendant's pro se request for appointment of counsel (Doc. No. 40), is **DENIED** without prejudice.

**SO ORDERED.**

Signed: May 23, 2022

Kenneth D. Bell
United States District Judge